IN THE UNTED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAKIRAH ABDULLAH : <br> 1734 South Hollywood St. : <br> Philadelphia, PA 19145 : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FREDERICK DOUGLASS MASTERY : <br> CHARTER SCHOOL : <br> d/b/a Frederick Douglass Elementary School: <br> 2118 West Norris Ave. : <br> Philadelphia, PA 19121 : <br>  : : <br> Defendant. : <br>  : | CIVIL ACTION <br><br> No.:_____ <br><br><br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Shakirah Abdullah (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Frederick Douglass Mastery Charter School (hereinafter "Defendant") of the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), Title VII of the Civil Rights Act ("Title VII"- 42 U.S.C. 2000e *et seq.*), the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff dual filed said claims with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff intends to amend her complaint to include PHRA claims once administrative remedies are exhausted.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address set forth in the caption.

7. Frederick Douglass Master Charter School is a charter school serving grades K-8 in North Philadelphia.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

**ADMINISTRATIVE REMEDIES**

9. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under the ADA and Title VII/PDA.

11. Plaintiff filed a timely written charge of discrimination with the Equal Employment Opportunity Commission alleging violations of said statute on or about May 17, 2021.

12. Plaintiff's charge was cross-filed with the Pennsylvania Human Relations Commission.

13. The instant action is timely because it is initiated within ninety ("90") days after the receipt of a Right to Sue letter from the EEOC mailed on or about August 4, 2021.

14. Plaintiff has exhausted federal administrative remedies as to the allegations of the instant Complaint.

15. Once Plaintiff has exhausted administrative remedies under the PHRA pursuant to 43 P.S. § 962(c)(1), she will seek leave to amend this pleading at any time permissible by Fed.R.Civ.P. 15.

**FACTUAL BACKGROUND**

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiff was employed by Defendant as a Teacher.

18. Plaintiff worked for Defendant for approximately 4 years until her unlawful termination on or about November 17, 2020.

19. In the 2019/2020 school year, Plaintiff was pregnant and she began maternity leave before her child was born in May of 2020.

20.     Following the birth of her child, Plaintiff was diagnosed with Post Partum Depression ("PPD").

21.     Plaintiff returned from maternity leave in or about October of 2020.

22.     At all relevant times herein, Plaintiff was supervised by Jillian Bryant (hereinafter "Bryant").

23.     Plaintiff was also indirectly reported to the principal of the school.

24.     While on maternity leave, Defendant had hired a new principal, Aisha Gary-Owens (hereinafter "Gary-Owens").

25.     Upon Plaintiff's return from maternity leave, she was subjected to animosity and hostility from Defendant's management, including but not limited to Bryant and Gary-Owens.

26.     By way of example and without limitation, Plaintiff was written up for completely pretextual reasons, treated in a rude and condescending manner, given wrong information about her classes (which led her to report to the wrong classes), and was refused training on Defendant's new cyber learning curriculum.

27.     When Plaintiff asked for Defendant's management (including but not limited to Bryant) to provide her with assistance and/or the same training that other teachers had (which consisted of 6-7 weeks of training), they refused.

28.     Plaintiff eventually had to go to other teachers to seek information on the new program.

29.     Additionally, Plaintiff was never updated about different procedures and policies that had changed while she was on maternity leave, but was then disciplined for allegedly violating one of those policies.

30. When Plaintiff asked for the principal to provide her with a copy of the policy that she purportedly violated, the principal told her to go look for it herself.

31. In the weeks leading up to Plaintiff's termination in or around November of 2020, Plaintiff informed Defendant's management that she had been diagnosed with PPD and that the work environment she was experiencing was exacerbating her condition.

32. Plaintiff also complained to Defendant's Human Resources department of the discriminatory/retaliatory treatment that she was being subjected to since her return from maternity leave.

33. Plaintiff was assured that an investigation would be done.

34. Upon information and belief, no investigation was conducted.

35. On or about November 17, 2020, Plaintiff was abruptly terminated from her employment with Defendant via Zoom.

36. Plaintiff was not given a reason for her termination.

37. Plaintiff was pretextually terminated because of her pregnancy, disability, and/or in retaliation for engaging in unquestionably protected activity.

### COUNT I
### Violations of the Family and Medical Leave Act ("FMLA")
**(Interference & Retaliation)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

40.     Plaintiff requested leave for her own medical reasons from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

41.     Plaintiff had at least 1,250 hours of service with Defendant and was employed with Defendant for one year as of her request for FMLA qualified leave.

42.     Defendants engaged in interstate commerce and employ[ed] fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

43.     Plaintiff is entitled to receive leave pursuant to 29 U.S.C.A. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

44.     Defendant committed interference and/or retaliation violations of the FMLA by: (1) constructively and/or effectively terminating Plaintiff for requesting and/or exercising her FMLA qualified rights; (2) considering Plaintiff's FMLA qualified leave needs in making the decision to constructively and/or effectively terminate her; (3) constructively and/or effectively terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA and (5) failing to properly advise Plaintiff of her FMLA rights at the time she requested maternity leave.

45.     These actions as aforesaid constitute violations of the FMLA.

**COUNT II**
**Violations of Title VII Act of the Civil Rights Act/the Pregnancy Discrimination Act**
**([1] Gender/Sex/Pregnancy Discrimination, [2] Retaliation and [3] Hostile Work Environment)**

6

-Against Both Defendants-

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff properly exhausted her administrative remedies to proceed under Title VII/PDA because she timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC has issued Plaintiff her Notice of Right to Sue.

48. Defendant engaged in gender/sex/pregnancy discrimination for the reasons set forth herein.

49. Defendant also retaliated against Plaintiff for engaging in protected activity.

50. Plaintiff further believes and therefore avers that she was subjected a hostile work environment and ultimately terminated from her employment because of her gender/pregnancy and/or her use of maternity leave and/or her engagement in protected activity.

51. These aforesaid actions constitute violations of Title VII/PDA.

## COUNT III
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination, [2] Retaliation and [3] Hostile Work Environment)
-Against Both Defendants-

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff properly exhausted her administrative remedies to proceed under the ADA because she timely filed a Charge of Discrimination with the U.S. Equal Employment

Opportunity Commission ("EEOC") and the EEOC has issued Plaintiff her Notice of Right to Sue.

54. Plaintiff believes and avers that she was terminated from Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) her requested accommodations (which constitutes illegal retaliation).

55. Plaintiff further believes and therefore avers that she was subjected a hostile work environment and ultimately terminated from her employment because of her known and/or perceived disabilities; (2) her record of impairment; and/or (3) her engagement in protected activity.

56. These actions aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination an retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation; and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 23, 2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Shakirah Abdullah | : | CIVIL ACTION |
| v. | : | |
| Frederick Douglass Mastery Charter School d/b/a Frederick Douglass Elememtary School | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 8/23/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1734 South Hollywood Street, Philadelphia, PA 19145_____

Address of Defendant: __2118 West Norris Avenue, Philadelphia, PA 19121_____

Place of Accident, Incident or Transaction: __Defendant's place of business_____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]    No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]    No [X]

I certify that, to my knowledge, the within case   [ ] is  /  [X] is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/23/2021__   _____(signature)_____   ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
       *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

[X]  Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]  Relief other than monetary damages is sought.

DATE: __8/23/2021__   _____(signature)_____   ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ABDULLAH, SHAKIRAH

**DEFENDANTS**
FREDERICK DOUGLASS MASTERY CHARTER SCHOOL D/B/A FREDERICK DOUGLASS ELEMENTARY SCHOOL

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601); Title VII (42USC2000); ADA (42USC12101)

Brief description of cause:
Violations of the FMLA, Title VII, ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8/23/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

Print    Save As...    Reset